UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GABRIELA PUERTO,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**WHOLE FOODS MARKET, and/or ABC CORP. (said corporation being unknown and fictitious), XYC MAINTENANCE COMPANY and/or JOHN DOE 1-10 (said names being fictitious),**<br><br>      **Defendants.** | Docket No.: 14-5118<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Gabriela Puerto ("Plaintiff") brings this action for negligence against Whole Foods Market ("Whole Foods" or "Defendant"). Plaintiff slipped and fell on a wet floor in one of Defendant's grocery stores. Defendant now moves for summary judgment and to exclude expert testimony offered in support of Plaintiff's claim. For the reasons set forth below, the Court **DENIES** Defendant's motion for summary judgment and **GRANTS** Defendant's motion to exclude Plaintiff's expert testimony.

**I.    BACKGROUND[1]**

      On the evening of July 21, 2014, Plaintiff Gabriela Puerto visited the Whole Foods store located in Millburn, New Jersey. She slipped and fell on a section of wet floor near the checkout area, suffering significant injuries to her back and knee.

---

[1] This action was removed from Superior Court of New Jersey, Law Division, Essex Count. ECF No. 1. The parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Complaint ("Compl.") ¶¶ 6-8; Answer to Def. Interrogatory No. 6. Defendant concedes that the source of the water was ice from Defendant's mobile merchandizing display, which had been removed from the same area several minutes before Plaintiff's fall. Deposition of Abdul Nasir ("Nasir Dep.") 61:20-62:7; Defendant's Statement of Facts ("Def. SOF") ¶¶ 3-5.

Near the location of the fall one of Defendant's employees had placed a yellow warning sign to indicate that the floor was slippery, while another employee went to retrieve a mop. ¶ 5. Plaintiff did not see the sign before falling, but acknowledges it was there. Deposition of Gabriela Puerto ("Puerto Dep.") 28:9-12. The fall occurred before the employee could return with the mop. Nasir Dep. 66:2-10.

In support of her claim Plaintiff offers the expert report of Barry E. Parsons, who specializes in retail store safety. Certification of David T. Ercolano, Ex. D. The report states that Whole Foods failed to adhere to standard procedures issued by various industry groups. *Id.* Defendant challenges the admissibility of the report under Federal Rule of Evidence 702.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

### A. Motion to Exclude Expert Report

Defendant argues that the report of Plaintiff's expert should be excluded under Federal Rule of Evidence 702, because the report does not concern "scientific,

2

technical or other specialized knowledge," Mr. Parsons lacks expert qualifications, and his report uses no discernable methodology.[2]

Federal Rule of Evidence 702 states as follows:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702. Mr. Parson's report is not likely to "assist the trier of fact to understand the evidence or to determine a fact in issue." FRE 702. While retail safety operations may implicate specialized knowledge in some cases, the report here provides nothing "beyond the ken of an average juror." *See Serodio v. University of Med. & Dentistry of New Jersey*, 2013 WL 5503528, at *5 (D.N.J. Oct. 1, 2013). Mr. Parsons employs no discernable methodology beyond restating broad industry guidelines. Nor does the report assess the physical characteristics of the floor surface. His testimony does not exhibit the qualities of reliable expert testimony articulated in *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 593-94 (1993). Defendant's request to exclude Plaintiff's expert testimony is **GRANTED**.

### B. Defendant's Motion for Summary Judgment

Under New Jersey law, Negligence consists of (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Davis v. Brickman Landscaping, Ltd.*, 98 A.3d 1173, 1178-79 (N.J. 2014). "Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). A business that is aware of a hazard on its premises must respond by "either correcting the condition, or, in those circumstances where it is reasonable to do so, by giving warning to the invitee of the unsafe

---

[2] Mr. Parson's testimony has been excluded by courts in other jurisdictions. *See Page v. Supervalu,* 2015 WL 1439572, at *8-9 (D. Md. Mar. 26, 2015); *Sweeney v. Supervalu, Inc.*, 2014 WL 2003103 (D. Md. May 15, 2014); *Freeman v. Ruby Tuesday, Inc.*, 2013 WL 4082235, at *2 (E.D. Pa. Aug. 12, 2013).

condition. *Kingett v. Miller*, 791 A.2d 224, 225 (N.J. App. Div. 2002) (citations omitted).

The parties agree that Whole Foods owed a duty of care to Plaintiff and that Plaintiff was injured as a result of slipping on a wet floor. They disagree as to whether Whole Foods exhibited "reasonable or due care" by placing a yellow warning sign near the spill until an employee returned with a mop. Defendant cites to decisions in other jurisdictions finding that store owners satisfy the duty of care to invitees by using "caution" signs to alert customers of a spill. *See, e.g., Womack v. Wal-Mart Stores, Inc.*, 2016 WL 1242438, at *2 (E.D. Mich. Mar. 30, 2016). Defendant argues that Plaintiff slipped because she was not paying attention to her surroundings. Plaintiff argues that Defendant should have implemented better procedures to prevent spills and to clean spills promptly once they occur.

Evaluating the facts in a light most favorable to the nonmoving party, the Court finds that unresolved issues of fact counsel against granting summary judgment. Whether a single warning sign adequately alerts customers to a slippery floor depends on various circumstances, including the size of the spill and the exact location of the sign. *See Imori v. Marination LLC*, 192 Wash. App. 1064 (Wash Ct. App. 2016) (finding no genuine issue of material fact "given the size of the mopped area, the proximity of the sign . . .," where spill was approximately 8 inches in diameter). These details remain unclear. What is clear is that Plaintiff slipped and hurt herself because water leaked or spilled from one of Defendant's merchandizing displays onto the floor.[3]

Few things are certain in this world. One is that ice becomes water when exposed to room temperature. Another is that wet floors are often slippery. While the burden of persuasion remains always with Plaintiff, "[a]bsent an explanation by defendants, a jury could find from the condition of the premises and the nature of the business that defendants did not exercise due care in operating the [establishment], and that said negligent operation was the proximate cause of [the]

---

[3] Although the "mode-of-operation" cases cited by Plaintiff focus primarily on inferring a business' knowledge of a hazard—which Defendant already concedes—those cases also support the proposition that when a method of service naturally and foreseeably creates a particular hazard, a reasonable business owner would anticipate and eliminate that hazard to prevent injury to its customers. *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 317 (2003) ("The plaintiff is entitled to an inference of negligence, shifting the burden of production to the defendant, who may avoid liability if it shows that it did 'all that a reasonably prudent man would do in the light of the risk of injury [the] operation entailed.'").

4

injuries." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 317 (N.J. 2003) (citing *Bozza v. Vornado, Inc.*, 200 A.2d 777, 780 (N.J. 1964)). Defendant's motion for summary judgment is **DENIED**.

### C. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's request to exclude Plaintiff's expert testimony and **DENIES** Defendant's motion for summary judgment.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**December 19, 2016**